UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
LUIS FELIZ                                                          Index No.: 23-CV-0493 (UA)

                                    Plaintiff,            **COMPLAINT**

          -against-                                       Plaintiff Demands Trial by Jury

CITY OF NEW YORK and
POLICE OFFICER JOHN DOE,

                                    Defendants.
--------------------------------------------------------------------X
          Plaintiff, LUIS FELIZ, by and through his attorney, Alexis G. Padilla, Esq.,

complaining of the defendants, CITY OF NEW YORK and POLICE OFFICER JOHN DOE,

upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

          1.       This is a civil rights action in which the plaintiff, LUIS FELIZ, seeks relief for the

defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983,

and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks

compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other

and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

          2.       This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the

plaintiff's constitutional and civil rights.

1

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the Southern District of New York.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5.      Plaintiff is of full age and resides in the State of New York.

6.      Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7.      Defendant POLICE OFFICER JOHN DOE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JOHN DOE acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and was otherwise performing and engaging in

2

conduct incidental to the performance of their lawful function in the course of their duty. They are

sued individually and in their official capacity.

## STATEMENT OF FACTS

8.      On or about November 1, 2022, at approximately 12:00 A.M., in the vicinity of the

Grand Concourse and Burnside Avenue in the Bronx, plaintiff was lawfully operating a motorized

scooter on a public road when he was suddenly boxed in by unmarked police vehicles.

9.      Within seconds of being boxed in, plaintiff was approached by POLICE OFFICER

JOHN DOE, who was wielding a hard metal object that appeared to be a firearm.

10.      Without prompting or justification, POLICE OFFICER JOHN DOE then struck

plaintiff about the forehead with the hard metal object, causing a laceration that required 13 sutures

to close.

11.      Plaintiff was taken into custody and eventually transported to St. Barnabas Hospital

in the Bronx, where he received medical attention for his injury.

12.      Plaintiff was issued a Desk Appearance Ticket charging him with Disorderly

Conduct and released directly from the hospital.

13.      The Desk Appearance Ticket was eventually dismissed.

14.      At no time during the events described above did plaintiff commit any act for which

the force used against him would be a reasonable response.

15.      At no time during the events described above did defendant JOHN DOE have

probable cause or any other legal justification to use force against plaintiff.

16.      As a result of defendant JOHN DOE's unnecessary and illegal use of force, plaintiff

did suffer serious injury, including but not limited to a laceration on his forehead, emotional

distress and mental anguish.

17.     At no time during the events described above did plaintiff commit any act for which he could be arrested.

18.     At no time during the events described above did defendant JOHN DOE have probable cause to arrest plaintiff.

19.     As a result of defendant JOHN DOE's illegal use of police arrest power, plaintiff did suffer injury, including but not limited to the loss of liberty.

## AS FOR A FIRST CAUSE OF ACTION

*Excessive Force as against defendant POLICE OFFICER JOHN DOE in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

20.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

21.     At all times during the events described above defendant JOHN DOE lacked probable cause to use force against plaintiff.

22.     All of the aforementioned acts of defendant JOHN DOE were carried out under the color of state law.

23.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

24.     The acts complained of were carried out by defendant JOHN DOE in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

25.     The acts complained of resulted in pain and injury to plaintiff.

26.     The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

4

*False Arrest as against defendant POLICE OFFICER JOHN DOE in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

27.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

28.     At all times during the events described above defendant POLICE OFFICER JOHN DOE lacked probable cause to arrest plaintiff.

29.     All of the aforementioned acts of defendant POLICE OFFICER JOHN DOE were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31.     The acts complained of were carried out by the defendant in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

32.     The arrest complained of resulted in plaintiff's unlawful loss of liberty.

33.     The acts complained of deprived plaintiff of his right to be free from false arrest.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

34.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

35.     The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants.  The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

36.     At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

37.     At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force and the abuse of arrest power as described in this Complaint.

38.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:  January 20, 2023
          New York, NY

By:      _/s/Alexis G. Padilla_
          Alexis G. Padilla, Esq. [AP7400]

*Attorney for Plaintiff*
*Luiz Feliz*
378 Lewis Ave. #6
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com